UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:25-cv-634

DENA ALLEN, an individual,

    Plaintiff,

vs.

PRIMEFLIGHT AVIATION SERVICES, INC., a Foreign profit corporation; and ULTIMATE AIRCRAFT APPEARANCE (GEORGIA), LLC, a Foreign Limited Liability Company, d/b/a PRIME FLIGHT AVIATION SERVICES,

    Defendants.
_____/

## NOTICE OF REMOVAL OF A CIVIL ACTION

Defendants, PrimeFlight Aviation Services, Inc. ("PrimeFlight"), and Ultimate Aircraft Appearance (Georgia), LLC ("Ultimate"; Ultimate and PrimeFlight referred to collectively as "Defendants"), by and through their attorneys, Morgan, Akins & Jackson, PLLC, pursuant to 28 U.S.C. §§1332(a), 1441(a), and 1446, give notice of their removal of this action from the Circuit Court for the Ninth Judicial Circuit, Orange County, Florida, to the United States District

CASE NO.: 6:25-cv-634

Court for the Middle District of Florida. As grounds for removal, Defendants state as follows:

I. **BACKGROUND**

1. Plaintiff, Dena Allen ("Allen"), filed the present action in the Ninth Judicial Circuit, Orange County, Florida, Case No.: 2025-CA-002120-O, against the Defendants. Copies of all process, pleadings and orders served upon the Defendants are attached as Exs. A through D, in accordance with 28 U.S.C. §1446(a).[1]

2. This personal injury action arises from an incident that occurred on April 22, 2021, at a Southwest Corporate Building. (Ex. A, Compl.).

3. Prior to removal, complete diversity existed by and between the parties. Allen is a citizen and resident of Orange County, Florida. (Ex. A, ¶ 5). PrimeFlight is a Delaware corporation with its principal place of business in Sugar Land, Texas. (Ex. B, ¶ 3; Ex. E, Sunbiz Entity Detail). Ultimate is a Georgia limited liability company with its principal place of business in Sugar Land, Texas. (Ex. B, ¶ 4; Ex. F, Sunbiz Entity Detail). Ultimate is a wholly owned subsidiary of PrimeFlight. PrimeFlight is Ultimate's sole member.

---

[1] The documents have been separated in accordance with the parameters imposed by the United States District Court for the Middle District of Florida. Exhibit A is the Complaint; Exhibit B is the Answer, Exhibit C is the Docket; and Exhibit D is the remining pleadings required to be filed.

CASE NO.: 6:25-cv-634

4. Accordingly, due to the claims asserted and the complete diversity of the parties, Envoy seeks to remove this action to the United States District Court for the Southern District of Florida.

## II. REMOVAL IS PROPER PURSUANT TO 28 U.S.C. §§1332(a) and 1441

5. This Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. §§1332(a) and 1441(a), because: (i) this Notice has been timely filed; (ii) there is complete diversity between the parties; and (iii) Plaintiff's claims are alleged to exceed the sum of $75,000.00.

### A. Notice of Removal is Timely and Procedurally Proper

6. Allen's complaint, was filed on March 12, 2025, and alleged an action for damages exceeding $50,000.00 (the jurisdictional minimum for Florida's Circuit Courts), against Defendants. (Ex. A, ¶ 1).

7. PrimeFlight was served on March 18, 2025. (Ex. G, PrimeFlight Ret. of Svc.). Ultimate was served on March 18, 2025. (Ex. H, Ultimate Ret. of Svc.).

8. This Notice has been filed prior to the expiration of the thirty (30) days referenced in the statute, which expires on April 17, 2025.

### B. There is Complete Diversity Between the Parties

9. Section 1332(a) provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

3

value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §1332(a).

10. For diversity purposes, a corporation is considered to be a citizen of the states in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).

11. Pursuant to statute, PrimeFlight is a citizen of Delaware and Texas; it is a Delaware corporation with its principal place of business in Sugar Land, Texas. (Ex. A, ¶ 3; Ex. B, ¶ 3; Ex. E).

12. Ultimate is a Georgia limited liability company with its principal place of business in Sugar Land Texas. (Ex. A, ¶ 4; Ex. B, ¶ 4; Ex. F). But, pursuant to existing precedent, it is also considered to be a citizen of all states in which its members reside. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004). PrimeFlight is Ultimate's sole member. As a result, Ultimate is also a citizen of Delaware and Texas.

13. Allen is a citizen and resident of the state of Florida. Allen has alleged that she is a citizen and resident of Orange County, Florida. (Ex. A, ¶ 5). It is well established that residence is *prima facie* evidence of a party's domicile and, by extension, citizenship. See *Katz v. J.C. Penny Corp., Inc.*, No. 09-CV-60067, 2009 WL 1532129 (S.D. Fla. Jun. 1, 2019); citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954); *Deckers v. Kenneth W. Rose, Inc.*, 592 F. Supp. 25, 28 (M.D. Fla. 1984).

14. Therefore, complete diversity exists.

**C.   The Amount in Controversy Exceeds $75,000**

15. In order to be removable based upon diversity, the amount in controversy must exceed $75,000.00, exclusive of interest, and costs. 28 U.S.C. §1332(a).

16. As reflected in the Civil Cover Sheet filed in connection with the action, Allen contends that the claim exceeds $100,000 and, therefore, the amount in controversy would, therefore, exceed the $75,000 threshold. (Ex. I, State Civil Cover Sheet). In addition, prior to suit filing, Plaintiff demanded the total sum of $625,000 to resolve her claims. (Ex. J, Jul. 18, 2025 E-Mail)

17. Based upon the complaint's allegations, coupled with representations made by and reflected in the Civil Cover Sheet and the demand, the amount in controversy requirement has been satisfied. *Cf. Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."); <u>see also</u> *Mick v. De Vilibiss Air Power Co.*, No. 6:10-cv-1390-Orl-28GJK, 2010 WL 5140849 (M.D. Fla. Dec. 14, 2010) (holding customer's pre-suit demand letter alleging damages of $175,000, was sufficient to establish an amount in controversy exceeding $75,000); *Katz v. J.C. Penney Corp., Inc.*, No. 09-CV-60067, WL 1532129 (Fla. S.D. Fla., June 1, 2009) (holding that jurisdiction

CASE NO.: 6:25-cv-634

amount had been met wherein Plaintiff's sought $58,995.78 in medical expenses and remainder of $16,004.22 could be accounted for in the plaintiff's allegations of future medical costs and for pain and suffering).

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN OR WILL BE COMPLETED

18. All defendants have joined in and are filing this Notice of Removal thereby satisfying § 1446(b)(2)(A)'s unanimity rule. *See* 28 U.S.C. § 1446(b)(2)(A); *Quinn v. CVS Pharm., Inc.*, 2:23-cv-644-JLB-NPM, 2024 U.S. Dist. LEXIS 132555 (M.D. Fla. Jul. 26, 2024).

19. Pursuant to the procedural requirements for removal set forth in 28 U.S.C. §1446(d), Defendants will file a Notice of Filing Notice of Removal with the Clerk of Court for the Ninth Judicial Circuit, in and for Orange County, Florida, and will provide written notice of this Removal to all parties via e-service.

20. As stated above, true and correct copies of all documents filed in the state action have been filed as required by statute. See 28 U.S.C. §1447(b); see also Exs. A through D.

21. Venue is this Court is proper pursuant to 28 U.S.C. §1441(a), as this action is being removed from the state court in which it was originally filed – the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida – to the District Court of the United States for the district and division in which such

6

CASE NO.: 6:25-cv-634

action is pending, the United States District Court for the Middle District of Florida.

## IV. <u>CONCLUSION</u>

Defendants have satisfied the requirements of removal jurisdiction under 28 U.S.C. §1332(a) and this action is removable to this Court pursuant to 28 U.S.C. §§1441(a) and 1446

Dated: April 9, 2025                     Respectfully submitted,


*/s/ Patrick K. Dahl*
**Patrick K. Dahl, Esquire (084109)**
pdahl@morganakins.com
Florida Bar No. 084109
**Michelle Arau (1049757)**
marau@morganakins.com
Florida Bar No. 1049757
**MORGAN, AKINS & JACKSON, PLLC**
*Attorneys for PrimeFlight Aviation Services, Inc., and Ultimate Aircraft Appearance (Georgia), LLC*
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (754) 255-3010
Fax: (215) 600-1303

CASE NO.: 6:25-cv-634

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on April 9, 2025 and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                ___/s/ Patrick K Dahl_____
                                Patrick K. Dahl, Esquire

## SERVICE LIST

Robert N. Hemphill, Esq.
Cullen & Hemphill, PLC
101 S. New York Ave., Suite 205
Winter Park, FL  32789
mh@cullen-hemphill.com
cindy@cullen-hemphill.com
mtl@cullen-hemphill.com

8